Robert J. KRUEGER; Patricia
Krueger, Appellants,

v.

JOHNSON AND JOHNSON PROFES-
SIONAL, INC.; Codman & Shurtleff,
Inc.; Johnson & Johnson Health Care
Systems, Inc.; Johnson & Johnson
Hospital Services, Inc.; Johnson &
Johnson, Appellees.

No. 02–3553.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 2003.

Decided May 21, 2003.

Before LOKEN, Chief Judge, FAGG
and MURPHY, Circuit Judges.

PER CURIAM.

Robert J. Krueger had back surgery to
fuse his vertebrae. The bones failed to
fuse after the first surgery, so a second
surgery was performed to implant a Cod-
man Plate to aid fusion. The screws hold-
ing the plate broke and a third surgery
was done to remove the plate and screws.
Krueger then brought this diversity action
against the Codman Plate's manufacturer.
After the district court * excluded two of
Krueger's experts because their testimony
did not meet the *Daubert* test, the court
granted summary judgment to the manu-
facturer. Krueger appeals asserting the
district court abused its discretion in ex-
cluding the expert testimony.

Generally, expert testimony is admissi-
ble when it is reliable and when it would
help the trier of fact. Fed.R.Evid. 702. A
district court has considerable latitude in
deciding whether expert testimony is reli-
able and would help the trier of fact, and
in making this decision, the court may
consider one or all factors from *Daubert v.*

---

* The Honorable Ronald E. Longstaff, United
States District Court for the Southern District
of Iowa.

*Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592–95, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). *In re Air Crash at Little Rock, Ark.,* 291 F.3d 503, 514 (8th Cir.2002).

Krueger's first expert, metallurgist George Otto, would have testified the Codman Plate was defectively designed because a cam-lock system exerted unintended side pressure on the head of the system's screws, causing the screws to break. Krueger's second expert, Edward Reese, opined that the system was defectively designed because it failed to satisfy an alleged design objective that it be able to provide stabilization for at least six months, that Codman failed to comply with certain FDA testing regulations and the device should have been subjected to clinical testing, and that its label should have included a life expectancy for the device.

We agree with the district court that neither expert had sufficient knowledge or experience with the design of the Codman plate or similar systems to adequately explain or validate their theories. Neither expert conducted any testing to support their design defect or alternative design theories. Both experts admitted they lacked expertise in medical issues and neither addressed a likely alternative cause of breakage–that the failure of Krueger's bones to fuse caused the device to fail. *See Cooper v. Smith & Nephew, Inc.,* 259 F.3d 194, 201 (4th Cir.2001) (finding expert in spinal implant case unreliable because expert "failed to address the possibility that the screw fracture was caused by nonunion").

In sum, the district court did not abuse its discretion in refusing to admit the expert testimony. Absent admissible expert testimony, Krueger cannot establish a prima facie case of strict liability or negligence. The district court thus properly granted summary judgment to the manufacturer. Accordingly, we affirm the district court.